E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3379 GHK (FFMx) | Date | October 15, 2012 |
|---|---|---|---|
| Title | *Mary Louise Beckner v. ReconTrust Company, N.A.* | | |

| Presiding: The Honorable | GEORGE H. KING, CHIEF U.S. DISTRICT JUDGE | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   **(In Chambers) Order re:** (1) Defendant's Motion to Dismiss (Dkt. No. 5); (2) Plaintiff's Motion to Immediately Set Date for Jury Trial (Dkt. No. 14).

This matter is before us on (1) Defendant ReconTrust Company, N.A.'s ("Defendant") Motion to Dismiss Plaintiff Mary Louise Beckner's ("Plaintiff") Complaint; and (2) Plaintiff's Motion to Immediately Set Date for Jury Trial. We have considered the arguments in support of and in opposition to the Motions and consider this matter appropriate for resolution without oral argument. L.R. 7-15. As the Parties are familiar with the facts, we will repeat them only as necessary. Accordingly, we rule as follows.

**I.   Motion to Dismiss**

   **A.   Legal Standard**

In order to survive dismissal for failure to state a claim, a complaint must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must contain factual allegations sufficient to "state a claim to relief that is plausible on its face." *Id.* at 570; *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). In considering a motion to dismiss, we must accept the allegations of the complaint as true and construe them in the light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). We need not accept as true, however, legal conclusions "cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Although review under Rule 12(b)(6) is generally limited to the contents of the complaint, we may "consider certain materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003). Thus,

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3379 GHK (FFMx) | Date | October 15, 2012 |
|---|---|---|---|
| Title | *Mary Louise Beckner v. ReconTrust Company, N.A.* | | |

"[e]ven if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the . . . document forms the basis of the plaintiff's claim." *Id.* This "incorporation by reference doctrine" has been extended "to situations in which the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint." *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005). Matters of public record are generally proper subjects of judicial notice. *See, e.g.*, *Grant v. Aurora Loan Servs., Inc.*, 736 F. Supp. 2d 1257, 1264 (C.D. Cal. 2010).

      Here, Defendant has attached six documents and requests that we take judicial notice of them: (1) an Order by Judge John F. Walter dismissing with prejudice a substantially similar complaint filed by Plaintiff regarding a separate real property (Request for Judicial Notice ("RFJN"), Exh. A); (2) an order by Judge Walter denying Plaintiff's Motion for Reconsideration of Dismissal (RFJN, Exh. B); (3) the Deed of Trust (RFJN, Exh. C); (4) the Notice of Default (RFJN, Exh. D); (5) the Notice of Substitution of Trustee (RFJN, Exh. E); (6) the Corporation Assignment of Deed of Trust (RFJN, Exh. F). While Plaintiff objects to these documents because "Defendant has submitted no Verification, Declaration or Certified papers to lay the proper foundation to authenticate any attached documents," (Opp'n ¶ IV), she does not otherwise dispute their authenticity. Duly recorded documents like Exhibits C-F need not be verified or certified before they can be subject to judicial notice. *See, e.g.*, *Grant*, 736 F. Supp. 2d at 1264 (taking judicial notice of the trustee's deed because it was a public record recorded by the Los Angeles County Recorder's Office). Thus, we take judicial notice of Exhibits C-F.[1]

      **B.**     **Discussion**

          **1.**     **Background**

      On October 18, 2006, Plaintiff obtained a $235,000 mortgage loan, memorialized in a promissory note and secured by a Deed of Trust ("DOT") to real property located at 8347 Grenoble Street, #5, Sunland, California 91040 (the "Property"). (Compl. ¶ 7; RFJN, Exh. C). The DOT names Ticor Title Company of California as the trustee and Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary. (RFJN, Exh. C). Under the DOT, the trustee has the authority to execute a written notice of default and elect to sell upon Plaintiff's default. (*Id.* ¶ 22). The DOT also expressly authorizes the substitution of the trustee. (*Id.* ¶ 24).

      On November 10, 2011, MERS substituted Defendant as trustee and assigned its interest as beneficiary to Bank of America, N.A. (RFJN, Exh E & F). Both the Substitution and Assignment were recorded on November 14, 2011. (*Id.*). On the same day, foreclosure proceedings were also initiated against Plaintiff when Defendant, as agent for the beneficiary, recorded a Notice of Default ("NOD"). (RFJN, Exh. D).

---

[1] We decline to take judicial notice of Exhibits A and B because Plaintiff's claims do not depend on their content.

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3379 GHK (FFMx) | Date | October 15, 2012 |
|---|---|---|---|
| Title | *Mary Louise Beckner v. ReconTrust Company, N.A.* | | |

      In her Complaint, Plaintiff implicitly acknowledges that she is in default on her loan, stating that she had "ceased payments" after Defendant failed to respond to her "debt validation demand letters" that she sent to Defendant throughout 2011. (Compl. ¶¶ 9, 17-18). She alleges that Defendant mailed her a "dunning letter" dated July 28, 2011 that "asked for a lump sum of money." (*Id.* ¶ 55). She further alleges that on November 22, 2011, Defendant sent her a Notice of Default followed by a December 15, 2011 "Payoff Demand Letter . . . demanding $222,558.67." (*Id.* ¶ 12). She alleges that Defendant "claimed authority to exercise the provisions of someone else's lien document for the purposes of collecting the above alleged debt." (*Id.* ¶ 15). She asserts that she "never entered into a contractual agreement with Defendant," and "never created a document creating a lien against Plaintiff's real property to the benefit of Defendant." (*Id.* ¶ 16).

      Based on these allegations, Plaintiff alleges the following three causes of action against Defendant: (1) violation of Fair Debt Collection Practices Act ("FDCPA"); (2) violation of FDCPA for overshadowing; and (3) negligence and/or fraud.[2] In addition to these causes of action, she also seems to demand that Defendant prove its authority to foreclose, arguing that Defendant has no standing to foreclose because there is no contract between the Parties and because Defendant has not shown that it is the "singular and true holder of said debt instrument." (*Id.* ¶ 42). Plaintiff's prayer of relief also requests quiet title to the Property.

      **2.     Claim #1: Violation of FDCPA**

      To establish a FDCPA claim, a plaintiff must show: (1) that she is a consumer within the meaning of 15 U.S.C. §§ 1692a(3) and 1692c(d); (2) that the debt arises out of a transaction entered into for personal purposes; (3) that the defendant is a debt collector within the meaning of § 1692a(6); and (4) that the defendant violated one of the provisions of the FDCPA, §§ 1692a-1692o. *Ananiev v. Aurora Loan Servs., LLC*, 2012 WL 2838689, at *3 (N.D. Cal. July 10, 2012).

      The Complaint alleges that Defendant violated FDCPA by sending a "dunning letter," a NOD, and a "Payoff Demand Letter" after failing to properly respond to Plaintiff's "debt validation demand letters" sent throughout 2011. (Compl. ¶¶ 17-18, 55). Plaintiff further alleges that Defendant failed "to prove up the existence of a debt to which Plaintiff was liable," to prove its agency to act on behalf of the beneficiary, to itemize the charges of the "alleged debt," and to "clearly and fairly communicate information about the amount of alleged debt to Plaintiff." (*Id.* ¶ 55). Moreover, Plaintiff alleges that Defendant used "false, deceptive and misleading misrepresentations in connection with collection of any debt," and demanded payment of debt "by making direct, indirect, and valid [*sic*] threats of dire consequences to Plaintiff." (*Id.*).

---

      [2] The Complaint's caption states that it is a Complaint for "Common Law Fraud, Truth in Lending Act, Fair Debt Collections Practices Act, and Other Equitable Relief." However, no claim under the Truth in Lending Act is asserted in the Complaint.

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3379 GHK (FFMx) | Date | October 15, 2012 |
|---|---|---|---|
| Title | *Mary Louise Beckner v. ReconTrust Company, N.A.* | | |

  Defendant argues that this cause of action is "barred as a matter of law because (1) the act of foreclosing on a property pursuant to a deed of trust is not considered the collection of debt, and (2) [Defendant] is not a debt collector within the scope of the statute." (Mot. 11). We agree.

  "Although the Ninth Circuit has not yet addressed whether a foreclosure action constitutes 'debt collection' under the FDCPA, district courts throughout the Ninth Circuit have concluded that it does not." *See, e.g., Ananiev*, 2012 WL 2838689, at *3; *Aniel v. T.D. Serv.*, 2010 WL 3154087, at *1 (N.D. Cal. Aug. 9, 2010); *Gallegos v. Recontrust Co.*, 2009 WL 215406, at *3 (S.D. Cal. Jan. 29, 2009); *Izenberg v. ETS Servs., LLC*, 589 F. Supp. 2d 1193, 1199 (C.D. Cal. 2008). Here, Plaintiff does not allege that Defendant engaged in any specific non-foreclosure collection activities. Instead, the allegations of the "dunning letter," the NOD, and "Payment Demand Letter"[3] demanding a "lump sum of money" are all directly related to Defendant's foreclosure of Plaintiff's Property, and "foreclosure pursuant to a deed of trust is not a collection of debt within the meaning of the FDCPA." *Izenberg*, 589 F. Supp. 2d at 1199.

  Moreover, as the trustee, Defendant is also not a "debt collector" under the FDCPA. *See Ligon v. JP Morgan Chase Bank*, 2011 WL 2550836, at *3 (N.D. Cal. June 27, 2011) ("CRC is the trustee under the deed of trust, and is thus not considered a debt collector under the FDCPA."); *Mansour v. Cal-Western Reconveyance Corp.*, 618 F. Supp. 2d 1178, 1182 (D. Ariz. 2009) ("[M]ortgagees and their assignees, servicing companies, and trustee fiduciaries are not included in the definition of 'debt collector.'").

  Thus, Plaintiff cannot state a claim for violation of FDCPA as a matter of law. Accordingly, the first cause of action is **DIMISSED without leave to amend**.

  **3.**  **Claim #2: Violation of FDCPA Based on "Overshadowing"**

  Plaintiff appears to assert a claim under 15 U.S.C. § 1692(g), which sets forth the content requirements for the initial communication from a debt collector and the consumer. (Compl. ¶ 56). Violations of § 1692(g) have been found where the validation notice containing the amount of debt and the name of the creditor was "overshadowed" by other messages appearing in the communication. *See Elliott v. Credit Control Services, Inc.*, 2010 WL 1495402, at *2 (S.D. Cal. Apr. 14, 2010).

  As discussed above, because foreclosing on a property pursuant to a DOT is not debt collection and because Defendant is not a "debt collector," Plaintiff cannot state a claim for violation of the FDCPA. Accordingly, the second cause of action is **DISMISSED without leave to amend**.

  **4.**  **Claim #3: Negligence and/or Fraud**

---

  [3] Defendant explains that a Payoff Demand Statement is "merely a response to a request for the full unpaid balance from a borrower." (Mot. 12). The content of this Statement is governed by California Civil Code section 2943.

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3379 GHK (FFMx) | Date | October 15, 2012 |
|---|---|---|---|
| Title | *Mary Louise Beckner v. ReconTrust Company, N.A.* | | |

Plaintiff alleges that on December 27, 2011, Defendant sent her "a letter demanding that Plaintiff pay United States Money in the amount of $222,558.67." (Compl. ¶ 57). Plaintiff alleges that Defendant "made a false representation to Plaintiff demanding payment on a debt" even though it knew it had no standing to demand the debt. (*Id.* ¶ 58). Plaintiff alleges that by "falsely demanding payment from Plaintiff when Defendant lacked standing," its act of demanding payment gave rise to fraud, negligence, and/or negligence per se claims. (*Id.* ¶ 59). Thus, Plaintiff appears to be asserting both a claim for negligence and a claim for fraud.

### a. Negligence

"[T]o recover on a theory of negligence, Plaintiffs must prove duty, breach, causation, and damages." *Truong v. Nguyen*, 156 Cal. App. 4th 865, 875 (Ct. App. 2007). Plaintiff does not allege any specific duty owed by Defendant or how Defendant breached any such duty. Instead, Plaintiff appears to assert negligence per se based on Defendant's purported violation of FDCPA. As discussed, however, Plaintiff cannot state a FDCPA claim. Thus, she cannot establish duty and breach under a negligence per se theory.

Accordingly, to the extent that Plaintiff is asserting a cause of action for negligence, it is **DIMISSED without leave to amend**.

### b. Fraud

To the extent that Plaintiff asserts a cause of action for fraud, it appears to be based on her argument that Defendant has no authority to initiate the foreclosure proceeding.

Under California's non-judicial foreclosure framework, a trustee has the authority to foreclose pursuant to the DOT and a duly recorded Substitution of Trustee. *See* Cal. Civ Pro. § 2924(a)(1) (authorizing a "trustee, mortgagee, or beneficiary, or any of their authorized agent" to initiate foreclosure); *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1156 (Ct. App. 2011) (declining to imply a cause of action to determine whether an entity has authority to initiate a foreclosure process when plaintiff made no factual allegation that foreclosure was initiated by the incorrect entity). Moreover, the non-judicial foreclosure framework "does not mandate physical possession of the underlying promissory note in order for this initiation of foreclosure to be valid," *Debrunner v. Deutsche Bank Nat'l Trust Co.*, 204 Cal. App. 4th 433, 440 (Ct. App. 2012), nor does it allow a third party, like the homeowner, to challenge the trustee's authority to act as an agent on behalf of the Beneficiary. *See Herrera v. Fed. Nat'l Mortg. Ass'n*, 205 Cal. App. 4th 1495, 1504-05 (holding that the non-judicial foreclosure framework "does not include the requirement that an agent demonstrate authorization by its principal").

Here, the recorded documents show that pursuant to the terms of the DOT, Defendant was properly substituted as trustee in November 2011 and initiated foreclosure proceedings against Plaintiff

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3379 GHK (FFMx) | Date | October 15, 2012 |
|---|---|---|---|
| Title | *Mary Louise Beckner v. ReconTrust Company, N.A.* | | |

thereafter. In signing the DOT, Plaintiff authorized such substitution and the right of the Trustee and Beneficiary to initiate foreclosure upon her default.[3] Thus, Defendant has authority under the DOT to initiate foreclosure under California law.

Moreover, a fraud claim must meet the heightened pleading requirements of Federal Rules of Civil Procedure 9(b), which requires Plaintiff to "state with particularity the circumstances constituting fraud or mistake." This means that Plaintiff must allege the "who, what, when, where and how" supporting her fraud-based allegations. *Vess v. Ciba-Geigy Corp.*, 317 F.3d 1097, 1106 (9th Cir. 2003). The elements of a fraud claim are: "(1) a misrepresentation, (2) with knowledge of its falsity, (3) with the intent to induce another's reliance on the misrepresentation, (4) justifiable reliance, and (5) resulting damage." *Conroy v. Regents of Univ. of Cal.*, 45 Cal. App. 4th 1244, 1255 (Ct. App. 2009). Here, even if we assume that Defendant made a misrepresentation regarding its authority to foreclose – which it did not – Plaintiff does not allege that she reasonably relied on Defendant's purported misrepresentation in making any payments pursuant to the letter sent by Defendant. In fact, she asserts that she "ceased payment" on her mortgage after Defendant failed to respond to her "debt validation demand letters," admitting that she did not rely on any purported misrepresentation and did not incur any damages. Thus, Plaintiff cannot assert a fraud claim as a matter of law.

Accordingly, to the extent that Plaintiff is asserting a cause of action for fraud, it is **DISMISSED without leave to amend**.

### 5. Quiet Title

Plaintiff's prayer for relief requests quiet title to the Property. However, she fails to plead the elements of quiet title under California Code of Civil Procedure section 761.020. Nor could she, given that Plaintiff concedes that she had "ceased payment" on the Property. "Tender of the indebtedness is required to quiet title in California." *Pedersen v. Greenpoint Mortgage Funding Inc.*, 2011 WL 3818560, at *13 (E.D. Cal. Aug. 29, 2011).

Accordingly, to the extent that Plaintiff is asserting a cause of action for quiet title, it is **DIMISSED without leave to amend**.

## II. Conclusion

Based on the foregoing, Defendant's Motion is **GRANTED**. Plaintiff's Complaint is **DISMISSED with prejudice**. Plaintiff's Motion to Immediately Set Date for Jury Trial is **DENIED** as moot.

---

[3] Plaintiff states in her Opposition that she "has revoked the Power of Attorney for the Deed of Trust for cause and recorded it with Los Angeles County." (Opp'n ¶ V). This does not affect the power of the Trustee to act on behalf of the Beneficiary under the DOT.

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-3379 GHK (FFMx) | Date | October 15, 2012 |
|---|---|---|---|
| Title | *Mary Louise Beckner v. ReconTrust Company, N.A.* | | |

**IT IS SO ORDERED.**

|  | -- | : | -- |
|---|---|---|---|
| Initials of Deputy Clerk | Bea | | |